[No. 17711. Department Two. May 18, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL RAPPAPORT, *Appellant*.[1]

CRIMINAL LAW (370)—SUSPENSION OF SENTENCE—POWER TO ENFORCE—JURISDICTION. A void or ineffectual suspension of that part of a sentence imposing imprisonment does not deprive the court of jurisdiction to revoke the suspension and enforce the sentence.

SAME (411, 416)—APPEAL—RECORD—STATEMENT OF FACTS—QUESTIONS PRESENTED. The supreme court cannot review the revocation of a suspension of a sentence, or find abuse of discretion therein, in the absence of a statement of facts bringing up all the facts presented to the trial court.

Appeal from an order of the superior court for King county, Hall, J., entered June 2, 1922, revoking the suspension of a jail sentence, after a hearing to the court. Affirmed.

[1]Reported in 215 Pac. 325.

*Philip Tworoger,* for appellant.

*Malcolm Douglas* and *Chester A. Batchelor,* for respondent.

PARKER, J.—The defendant, Rappaport, on April 5, 1922, had a judgment rendered against him by the superior court for King county, as follows:

"Ordered, Adjudged and Decreed that the said defendant is guilty of the crime of keeping intoxicating liquor with intent to sell, barter or exchange the same, and that he be punished by confinement in the County Jail of the County of King, in the State of Washington, for the term of ninety (90) days and that he pay a fine to the State of Washington of two hundred and fifty dollars ($250.00), including costs. . . .

"It is further ordered that the jail portion of said sentence be suspended during the good behavior of the defendant and the further order of this court."

On May 19, 1922, the prosecuting attorney moved the court for an order revoking the suspension of the jail portion of the sentence, attaching to his motion several affidavits showing cause therefor. Thereafter the matter came on for hearing and the defendant was heard by counsel, and apparently presented opposing affidavits, though we have no statement of facts advising us of their contents. Following the hearing, the court entered its order revoking the jail portion of the sentence, as moved for by the prosecuting attorney, from which order the defendant has appealed to this court.

The principal argument advanced in behalf of appellant seems to be that the order suspending the jail portion of the sentence is void, and that it follows therefrom that that portion of the sentence is inoperative and incapable of enforcement because the court lost jurisdiction over the case because of its void order suspending that portion of the sentence. Assuming,

but not deciding, that the trial court was without authority to suspend any portion other than the whole of the judgment rendered against the defendant, as it is argued, it seems quite clear to us, under our decision in *State ex rel. Tingstad v. Starwich*, 119 Wash. 561, 206 Pac. 29, that the trial court in no event lost jurisdiction to enforce the jail portion of the judgment and sentence it rendered against the defendant, however void and ineffectual its suspension of that portion of the sentence may be. In that case, following a somewhat extended review of the authorities, we said:

"We are unable to follow those courts which hold that the trial court has exhausted its power and authority upon the making of a void order suspending the execution of sentence."

See, also, *State v. Mallahan*, 65 Wash. 287, 118 Pac. 42.

Some further contention seems to be made upon the theory that there is want of showing in the way of proof sufficient to warrant the court in determining that the condition upon which it suspended the jail portion of the sentence was violated by the defendant. It seems somewhat difficult for us to see that the merits of the question of the revoking of a suspension of sentence under § 2280, Rem. Comp. Stat. [P. C. § 8715], are reviewable in this court any more than the question of the amount of a fine or time of imprisonment imposed by the trial court as a punishment, would be reviewable here, in the absence of such punishment being in excess of that authorized by law. But, if such question is, under any circumstances, reviewable here, manifestly it must be only upon facts outside the record which may be presented to the trial court; and not having in this record any statement of facts telling us all of the facts presented to the trial court upon

which it rested its order of revocation, we are, at all events, unable to see that it abused its discretion or committed any error in revoking its suspension of the jail portion of the sentence.

The order appealed from is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.