[No. 24483. Department One. May 17, 1933.]

THE STATE OF WASHINGTON, *on the Relation of W. D. Comer, Plaintiff,* v. CALVIN S. HALL, *as Judge of the Superior Court for King County, Respondent.*[1]

*Colvin & Rhodes* and *Charles P. Moriarty,* for relator.

*Robert M. Burgunder* and *John MacGillivray,* for respondent.

MILLARD, J.—The statute provides, as a penalty for commission of the crime (of which W. D. Comer was

[1]Reported in 22 P. (2d) 295.

convicted on November 6, 1931, in the superior court for King county) of publishing a false statement of the amount of the assets of a savings and loan association,

". . . imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both." Rem. Rev. Stat., § 2265.

On March 9, 1932, his motions prior to that date for new trial and arrest of judgment having been denied, the defendant appeared in court for sentence. Following the defendant's statement in his own behalf, one of defendant's attorneys addressed the court in behalf of his client, whereupon the court pronounced the following sentence:

"It is the sentence of this court, W. D. Comer, that you pay a fine of $5000, and that you be confined in the penitentiary of the state of Washington for a term of not less than ONE nor more than TWO YEARS, that during your good behavior the penitentiary sentence will be SUSPENDED."

We quote as follows, so far as pertinent, the judgment entered the same day, which judgment was prepared by the prosecuting attorney and signed by the court in the presence of the defendant:

". . . defendant having been duly convicted . . . it is therefore ordered, adjudged and decreed that the said defendant is guilty of the crime . . . and that he be punished by confinement at hard labor in the penitentiary of the state of Washington for the term of not less than one year and not more than two years, which sentence is stayed and suspended pending good behavior and until otherwise ordered by the court.

"It is further ordered, adjudged and decreed that said defendant be and he is hereby sentenced to pay a fine of five thousand ($5,000) dollars, together with costs, and that he be committed to the county jail for

the county of King, state of Washington, and there safely kept in confinement until said fine and costs are paid as provided by law.''

The defendant appealed, and was released upon bail. The judgment was affirmed (*State v. Comer*, 171 Wash. 25, 17 P. (2d) 643), petition for a rehearing was denied, and the remittitur from this court was filed with the clerk of the superior court for King county February 25, 1933. On the same day, the clerk issued a commitment for the defendant on the fine and costs. Two days later the fine and costs were paid.

During the pendency of his appeal, the defendant, with the approval of his bondsmen, was absent from the state of Washington, but at all times he remained in communication with his counsel, who always knew the whereabouts of his client. When the judgment was affirmed and the remittitur was filed, the defendant reported, apparently through his counsel, his whereabouts and his activities to the chief parole office of the state of Washington. Confirmatory of the parole department's approval of the defendant's absence from the state is a letter of March 28, 1933, from the chief parole officer at Walla Walla, replying to letter dated March 25, 1933, from defendant's attorney (Mr. Colvin). That letter reads as follows:

''Responsive to yours of the 25th instant, with enclosure, please be informed this office approves of Mr. Comer's change of residence. It will be entirely satisfactory for his monthly parole reports to be submitted through your offices. In the event he desires to make any further change of location, permission must first be obtained through this department. Judgment and sentence in this case has not reached this institution.''

The court did not (as a reading of the judgment discloses), as a part of the suspension of defendant's

sentence, require, as the statute provides, that the defendant be placed in the custody or control of the state parole officer. The statute reads as follows:

"Whenever any person never before convicted of a felony or gross misdemeanor shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape, the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, and that the sentenced person be placed under the charge of a parole or peace officer during the term of such suspension, upon such terms as the court may determine. In no case shall a sentence be suspended under the provisions of this section unless the prisoner if sentenced to confinement in a penal institution be placed under the charge of a parole officer, who is a duly appointed and acting officer of the institution to which the person is sentenced." Rem. Rev. Stat., § 2280.

On March 25, 1933, the prosecuting attorney for King county presented to the Honorable Calvin S. Hall, one of the judges of the superior court for King county, a petition for vacation or revocation of the suspended sentence of Comer, and prayed that an order be entered directing the clerk of the court to issue a commitment on the sentence imposed upon Comer. That was an *ex parte* proceeding of which Comer did not, nor did counsel, have notice or knowledge until, in answer to the prayer of the petitioner, the court entered an order for the issuance of a bench warrant for the immediate apprehension of Comer. The grounds upon which the prosecuting attorney sought a vacation of the order suspending the defendant's sentence were: The attempted suspension was void because not in compliance with the statute which requires that the sentenced person be placed under

the charge of a parole or peace officer during the term of such suspension; and that the trial court was induced to suspend the sentence by false representations made to the trial court by the defendant.

Counsel for Comer filed a demurrer to the prosecuting attorney's petition and a motion to quash and set aside the bench warrant, and noted the same for hearing before the Honorable Calvin S. Hall on April 1, 1933. On that date, Comer's counsel commenced, but was not permitted to continue, argument on his motion. The court refused to entertain any argument or to make any ruling until the defendant, who had not been arrested under the bench warrant, had been brought into court. The court refused the request of defendant's counsel to "fix a bond that might be posted for the defendant," stating: "No bond will be fixed until he is presented into court by the sheriff."

On surrendering to the sheriff on April 8, 1933, Comer was taken by the sheriff before the Honorable Calvin S. Hall, who fixed the defendant's bond in the sum of ten thousand dollars. The defendant at that time presented to the Honorable Calvin S. Hall a motion for change of judge, supported by affidavit of prejudice. The motion was overruled.

On the ground that the petition of the prosecuting attorney to revoke the order suspending Comer's sentence does not state facts sufficient to give to the superior court for King county jurisdiction to vacate or modify the judgment in that cause, the defendant applied to this court for an order directing the superior court of the state of Washington for King county, and particularly the Honorable Calvin S. Hall, to show cause why the said court and the said Honorable Calvin S. Hall should not be permanently prohibited from proceeding further in the cause on the above-described petition of the prosecuting attorney for King

county. In the event this court denied the application to restrain the superior court for King county, the relator prayed that, upon the ground of the respondent's prejudice against the relator, the Honorable Calvin S. Hall be prohibited from exercising further jurisdiction in the proceedings, other than that that may be necessary to transfer the cause to some other judge.

We granted the application. Respondent made his return, presented motion to quash the order, and demurred to the relator's affidavit and application, upon the ground that this court has no jurisdiction of the subject-matter of this proceeding, and that the relator has made no showing entitling him to any relief from this court. Hearing having been had in this court, the case is now before us for determination of the question whether writ should issue permanently restraining the respondent from proceeding further on the petition of the prosecuting attorney. Unless the respondent was proceeding in excess of its jurisdiction, the permanent writ should not issue.

Our first suspended sentence statute (chapter 24, Laws of 1905, p. 49) provided that, in certain cases,

". . . the court, in its discretion, may withhold and suspend sentence and order the accused to be released during good behavior; and the court shall have power to order his or her rearrest and pronounce sentence whenever the conduct of the accused shall, in the opinion of the court, make such action proper."

That statute was repealed by the criminal code of 1909 (chapter 249, Laws of 1909, p. 906, § 52), and in lieu thereof the following section (chapter 249, Laws of 1909, p. 896, § 28) was enacted:

"Whenever any person under the age of twenty-one years shall be convicted of any crime except murder,

. . . the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be staid and suspended until otherwise ordered by such court.''

Chapter 69, Laws of 1921, p. 204, amended the act of 1909, and required, as a prerequisite to a suspended sentence, that the prisoner be placed under the charge of a parole officer of the institution to which the person was sentenced. That is the law at present, and, so far as material, reads as follows:

''. . . and that the sentenced person be placed under the charge of a parole or peace officer during the term of such suspension, upon such terms as the court may determine. In no case shall a sentence be suspended under the provisions of this section unless the prisoner if sentenced to confinement in a penal institution be placed under the charge of a parole officer, who is a duly appointed and acting officer of the institution to which the person is sentenced.'' Rem. Rev. Stat., § 2280.

The terms of the statute, in the absence of which the court would be without authority to suspend sentence, are mandatory.

''The only authority there is in this state for the court to suspend or stay sentence is found in Rem. Comp. Stat., § 2280, which in mandatory terms requires 'that the sentenced person be placed under the charge of a parole or peace officer during the term of such suspension.' *State ex rel. Lundin v. Superior Court,* 102 Wash. 600, 174 Pac. 473; *State ex rel. Tingstad v. Starwich,* 119 Wash. 561, 206 Pac. 29, 26 A. L. R. 393; *State ex rel. Zbinden v. Superior Court,* 135 Wash. 458, 238 Pac. 9, 240 Pac. 565.'' *State v. Akers,* 156 Wash. 353, 286 Pac. 846.

In construing the statute (Rem. Rev. Stat., § 2280), we said, in *State ex rel. Tingstad v. Starwich,* 119 Wash. 561 [564], 206 Pac. 29, 26 A. L. R. 393:

''Our construction of this statute is that, if the prisoner be sentenced to serve a term in the county jail,

he must, if operation of sentence be suspended, be put in charge of some parole or peace officer, who need not necessarily be connected with that institution; and if he be sentenced to a state penal institution, he must, if operation of sentence be suspended, be put in charge of some parole officer of such state institution. . . . If, in suspending the operation of the sentence, the appellant had been put in custody of some officer as provided by the statute, we have no doubt the court could, at any time thereafter, upon a showing of a breach of the terms under which the suspension was made, set aside the suspension order and enforce the original judgment for the full term of six months. The statute authorizing the suspension of the execution of the sentence seems to contemplate that this not only may but shall be done, because it authorizes the suspension until the further order of the court. The appellant being the recipient of the favor conferred by the statute, is in no position to claim that the court has lost jurisdiction or power to subsequently commit him. He was lawfully sentenced for six months, and he was relieved, upon certain conditions, from serving that sentence. If he break his parole, the court has a perfect right to annul the order of leniency and enforce the original sentence. . . . Such we say would have been the prisoner's situation if the suspension of the enforcement of the judgment had been in strict compliance with the letter of the statute, but the situation cannot be changed merely because the court did not place the defendant in charge of some parole or peace officer as the law required. The statute gives the court power to suspend the execution of the sentence, and the erroneous exercise of that power cannot deprive the court of jurisdiction over the appellant to enforce the judgment it has entered. The validity of that judgment is not affected by the regular or irregular exercise, by the court, of the statutory power. We have held that a judgment of sentence made under a wrong statute, or for an unauthorized period, does not deprive the court of jurisdiction to impose and enforce a sentence according to law. . . . If we should agree, however, with appellant's contention that the order

of the court suspending the execution of the sentence was void, still it would not follow that the court has lost jurisdiction or power to enforce its original judgment. We cannot see any possible reason why a court should be without power to enforce its sentence simply because it has, without authority of law or contrary to such authority, undertaken to suspend the operation of the sentence.''

In holding that the court could commit the defendant after it had made its order suspending the sentence, even though the order suspending the operation of the sentence was void, we said in the *Tingstad* case:

''We are unable to follow those courts which hold that the trial court has exhausted its power and authority upon the making of a void order suspending the execution of sentence.''

The court's order suspending sentence upon a second conviction, in view of the plain terms of the statute authorizing suspension of sentence only in case the accused was ''never before convicted,'' would be void. *State ex rel. Zbinden v. Superior Court*, 135 Wash. 458, 238 Pac. 9, 240 Pac. 565. The terms of the statute are just as plain respecting the placing of the prisoner in charge of a parole officer. The court did not, at the time of the suspension of the operation of the sentence, or later, place the relator in charge of any parole officer. It follows that the order suspending the sentence was absolutely void, because of noncompliance with the statutory provision that sentence shall not be suspended in any case unless the prisoner ''be placed under the charge of a parole officer.''

The trial court, however, did not lose jurisdiction to enforce the penitentiary portion of the judgment and sentence it rendered against the defendant, however void its suspension of that portion of the sentence may be.

In *Miller v. Aderhold,* 53 Sup. Ct. 325, the supreme court of the United States said, relative to the validity of a sentence imposed by one judge after another judge had suspended sentence:

"In a criminal case final judgment means sentence; and a void order purporting permanently to suspend sentence is neither a final nor a valid judgment. *United States v. Lecato, supra* (C. C. A.) at page 695, of 29 F. (2d); *State v. Bongiorno,* 96 N. J. Law, 318, 115 A. 665; *People v. Bork,* 78 N. Y. 346, 350; *State v. Vaughan,* 71 Conn. 457, 458, 42 A. 640; *Symington III v. State,* 133 Md. 452, 454, 105 A. 541. If the suspension be for a fixed time, the case undoubtedly remains on the docket of the court until disposed of by final judgment. There is no good reason, in our opinion, why a different rule should obtain where the order of suspension, though expressly made permanent, is void. Such an order is a mere nullity without force or effect, as though no order at all had been made; and the case necessarily remains pending until lawfully disposed of by sentence."

In *State v. Rappaport,* 125 Wash. 173, 215 Pac. 325, the defendant was sentenced to pay a fine and to serve a term in the county jail. The jail portion of the sentence was suspended during good behavior of the defendant and the further order of the court. Forty-four days thereafter, the prosecuting attorney's motion for an order revoking the suspension of the sentence was granted after a hearing had thereon. On appeal from that order of revocation, the appellant contended that the order suspending the jail portion of his sentence was void, and therefore that portion of his sentence was inoperative and incapable of enforcement because the court lost jurisdiction over the case because of its void order suspending that portion of the sentence. We said:

"Assuming, but not deciding, that the trial court was without authority to suspend any portion other

than the whole of the judgment rendered against the defendant, as it is argued, it seems quite clear to us, under our decision in *State ex rel. Tingstad v. Starwich*, 119 Wash. 561, 206 Pac. 29, that the trial court in no event lost jurisdiction to enforce the jail portion of the judgment and sentence it rendered against the defendant, however void and ineffectual its suspension of that portion of the sentence may be. In that case, following a somewhat extended review of the authorities, we said:

" 'We are unable to follow those courts which hold that the trial court has exhausted its power and authority upon the making of a void order suspending the execution of sentence.' "

The statute (Rem. Rev. Stat., § 2280) limits the right of the court to suspend the execution of the sentence, but not to suspend or postpone the sentencing. The statute requires the imposition of sentence when sentence is imposed, that is, a pronouncement of sentence and a final judgment. *State v. Liliopoulos,* 165 Wash. 197, 5 P. (2d) 319. The incorporation within the judgment pronouncing sentence of an order suspending execution of that sentence does not affect the validity or finality of the judgment. It follows that the revocation or vacation of the order of suspension, because of its invalidity, or for any other reason, does not affect the validity or finality of the original judgment in the case.

Under the statute (Rem. Rev. Stat., § 2280), a suspended sentence confers a continuing jurisdiction on the court, and the application thereafter for the revocation of the order suspending the sentence is not a new proceeding. Inasmuch as the order was void, the relator was not entitled to notice of a hearing so far as the issuance of a commitment is concerned. The court, on its own motion, could have directed the issuance of a commitment. The fact that the prosecuting attorney requested the court to issue the com-

mitment is not material. The fact that the prosecuting attorney requested the court to issue the commitment and gave notice thereafter to relator by securing the issuance of a bench warrant, does not constitute a new proceeding, within the meaning of the statute relating to affidavits of prejudice.

The alternative writ is quashed, and the application for a permanent writ is denied.

MITCHELL, BLAKE, MAIN, and HOLCOMB, JJ., concur.