[No. 32544. Department One. July 22, 1953.]

THE STATE OF WASHINGTON, *on the Relation of Henry B. Schock, Plaintiff,* v. DOLPH BARNETT, *as Judge of the Superior Court for Yakima County, Respondent.*[1]

[1] Reported in 259 P. (2d) 404.

*Walter V. Swanson, Douglas A. Wilson,* and *Kenneth C. Hawkins,* for relator.

*Ronald R. Hull,* for respondent.

OLSON, J.—The question presented by this proceeding is whether or not the trial court has the power to consider a petition for probation, filed by a defendant after the judgment and sentence imposed upon him has been affirmed on appeal.

Defendant was found guilty of a felony by a jury in Yakima county, and sentenced to the penitentiary. He made no motion for probation or for the suspension of the sen-

tence when it was imposed, but appealed to this court. The judgment and sentence was affirmed. *State v. Schock,* 41 Wn. (2d) 572, 250 P. (2d) 516 (1952). Rehearing was denied, and the remittitur was filed in the office of the county clerk of Yakima county, January 26, 1953. Defendant filed a petition for probation, January 27, 1953, which was before he actually was confined to serve his sentence. The trial court ruled that it had no jurisdiction to consider the petition, and did not pass upon its merits. That ruling is now before us for review by certiorari.

The question presented can and must be answered by considering only our own statutes and previous decisions. Whatever conclusion has been reached in other jurisdictions, state or Federal, is not controlling, because of the lack of similarity between the basic statutes prevailing here and those in effect elsewhere.

These portions of the following statutes are pertinent:

RCW 9.92.060 [*cf.* Rem. Supp. 1949, § 2280] provides for the suspension of sentences and states that the court may, in its discretion, "at the time of imposing sentence," direct that such sentence be stayed and suspended.

RCW 9.95.200 [*cf.* Rem. Supp. 1949, § 10249-5a], providing for the granting or denial of probation after conviction, contains a proviso "That probation shall not be granted to any person who is not eligible under the law to receive a suspended sentence."

RCW 9.95.210 [*cf.* Rem. Supp. 1949, § 10249-5b] authorizes the court, in granting probation, to suspend the imposition or the execution of the sentence.

The court has no inherent power to suspend a sentence. *State ex rel. Zbinden v. Superior Court,* 135 Wash. 458, 463, 238 Pac. 9, 240 Pac. 565 (1925), and case cited. The terms of the statute granting this power are mandatory. *State ex rel. Comer v. Hall,* 173 Wash. 188, 194, 22 P. (2d) 295 (1933), and cases cited. If the statutory provisions are not followed, the action of the court is void. *Id.* at p. 196. The same rules apply to probation. The court must act within the limits of the statutes. *State v. Farmer,* 39 Wn. (2d) 675, 678, 237 P. (2d) 734 (1951). As is true of sus-

pension, a convicted defendant has no right to probation. Its grant or denial rests solely within the sound discretion of the trial judge. *Ibid.*

■ Suspension of the execution of defendant's sentence, upon his petition for probation, necessarily would be an exercise of the court's power to stay or suspend that sentence. This power is conditioned upon its exercise at the time the sentence is imposed. Reading the cited statutes together, as we are obliged to do by their terms, we find no provision authorizing the court to suspend or stay a sentence upon a petition for probation at any time other than at "the time of imposing sentence."

Affirmance of the order in this case also can be supported by the following rules, relied upon in the well-prepared memorandum opinion of the trial judge.

■ After an appeal is taken, the trial court loses its jurisdiction over the subject matter of the appeal, and cannot change its judgment or orders entered before the appeal. *Sewell v. Sewell,* 28 Wn. (2d) 394, 396, 184 P. (2d) 76 (1947), and cases cited.

■ ■ The judgment of this court is final and conclusive upon all the parties properly before it. RCW 2.04.220 [*cf.* Rem. Rev. Stat., § 14]. The superior court can only enforce such a judgment. It is powerless to change it. *In re Ellern,* 29 Wn. (2d) 527, 529, 188 P. (2d) 146 (1947), and cases cited. In fact, the judgment is self-executing, in that no warrant of commitment or other further action by the trial court is necessary to implement the execution of a sentence imposed in a final judgment. *In re Whipple v. Smith,* 33 Wn. (2d) 615, 617, 206 P. (2d) 510 (1949), and cases cited.

■ When judgment is entered or, in the event of an appeal, when the remittitur affirming such judgment is filed in the lower court, the sentence commences to run. RCW 9.95.060, 10.73.030 [*cf.* Rem. Supp. 1947, § 10249-2, Rem. Rev. Stat., §§ 1745, 1746]; *State ex rel. McCoske v. Kinnear,* 145 Wash. 686, 689, 261 Pac. 795 (1927).

■ The entry of final judgment is the controlling event, and the result cannot be altered because, as here, a defendant files a petition for probation after sentence is imposed.

The entry of judgment and sentence, or its affirmance on appeal, marks the final and complete exercise of the court's jurisdiction. *State ex rel. Plumb v. Superior Court,* 24 Wn. (2d) 510, 518, 166 P. (2d) 188 (1946). When it occurs, the defendant and, with him, all matters regarding the execution of the sentence are transferred to the executive branch of the government. The power of the court over the defendant is at an end, and the extent and nature of his discipline for the term of his sentence are within the sole province of the executive.

Viewed as a matter of policy, the ruling of the trial court is sound. It is contemplated that, in the fixing of punishment, the trial court must maintain a due regard for the dignity of the law, the protection of society, the reformation of the offender, and other considerations. *State v. Cohen,* 11 Wn. (2d) 203, 205, 118 P. (2d) 959 (1941), and cases cited.

As an aid in the performance of this duty, the statute giving the court the power to grant probation, after conviction either by plea or verdict of guilty, authorizes it to obtain, "prior to the hearing on the granting of probation," a report upon the circumstances of the crime and the background of the defendant. RCW 9.95.200, *supra.* This is commonly known and used as a presentence investigation, and properly so because the time for the consideration of such matters by the court is when it is about to decide what punishment to impose. It is then that the court must dispose of the case, and desires and needs full information for its guidance. After its decision is made, the main purposes of the report are exhausted. Also, in most, if not all, cases, the salutary purposes of the law would not be served, but would be defeated, if a defendant deserving of probation were to be subjected to penal service, which the law contemplates shall follow immediately upon the entry of final judgment.

The trial court correctly determined that it had no power to consider the petition by the defendant for probation, and its action is affirmed.

GRADY, C. J., MALLERY, SCHWELLENBACH, and WEAVER, JJ., concur.