[No. 42492.    En Banc.    December 14, 1972.]

Lois Champion et al., *Appellants*, v. Shoreline School District No. 412 of King County, *Respondent*.

*LeSourd, Patten, Fleming & Hartung,* by *Leon C. Misterek* and *C. Dean Little,* for appellants.

*Colvin & Williams,* by *John J. Keough,* for respondent.

Rosellini, J.—The question before the court in this case

is: Is a school nurse, who holds a "standard specialized personnel certificate" required under rules and regulations of the State Board of Education, a "certificated employee" within the meaning of RCW 28A.67.070? That statute provides, in material part:

No teacher, principal, supervisor, superintendent, or other certificated employee, holding a position as such with a school district, hereinafter referred to as "employee," shall be employed except by written order of a majority of the directors of the district at a regular or special meeting thereof, nor unless he is the holder of an effective teacher's certificate or other certificate required by law or the state board of education for the position for which the employee is employed.

. . .

Every board of directors determining that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term shall notify that employee in writing on or before April 15th preceding the commencement of such term of that determination of the board of directors, which notification shall specify the cause or causes for nonrenewal of contract.

The agreed statement of facts shows that the plaintiffs, who were certified by the State Board of Education as qualified to perform the duties of a school nurse, were employees of the defendant, Shoreline School District No. 412 of King County. In April 1972, they were notified that their services would not be required after the close of that school year. It is agreed that the notices did not conform to the requirements of RCW 28A.67.070. The record before the court indicates that the plaintiffs were terminated because of a decision to reorganize the nursing staff of the district for reasons of economy and efficiency.

In this action, the plaintiffs sought to compel their reinstatement, as provided in RCW 28A.67.070, where timely notice is not given. The trial court held that it was not the legislative intent to include school nurses within the definition of the word "employee" as used in that chapter. We agree.

■ We bear in mind, as always when approaching a problem of statutory interpretation, that the duty of the court is to ascertain and give effect to the legislative intent, where that intent is not clearly expressed in the statute itself. *Anderson v. Seattle,* 78 Wn.2d 201, 471 P.2d 87 (1970). In doing so, the courts should first resort to the context and subject matter of the legislation, since the intention of the legislature is to be deduced, if possible, from what is said. *In re Estate of Kurtzman,* 65 Wn.2d 260, 396 P.2d 786 (1964).

■ Another settled rule of construction, applicable here, is that statutes which are in pari materia should be read together as constituting one law. Statutes are in pari materia when they relate to the same person or thing, or to the same class of persons or things. *State ex rel. American Piano Co. v. Superior Court,* 105 Wash. 676, 178 P. 827 (1919).

With these principles in mind, we find, on turning to RCW 28A.67, that it is a part of the school laws which were revised and reenacted as the school code in 1969. Prior to 1969, RCW 28A.67.070 had referred only to teachers. In Laws of 1969, 1st Ex. Sess., ch. 34, § 12, the words "principal, supervisor, superintendent, or other certificated employee, holding a position as such with a school district, hereinafter referred to as 'employee'," were added.

It is the theory of the plaintiffs that the term "other certificated employee," as used in this statute, is broad enough to include all persons who hold certificates of any kind which are required by the State Board of Education, and is not limited to persons who hold teaching certificates.

■ The trial court applied the doctrine of ejusdem generis to determine the scope of the term "other certificated employee" as used in this section, and held that it included only persons having teaching certificates. Under that doctrine, where specific words are followed by general words, the specific words govern the character or kind of the matter included in the general words. *King County Water Dist. 68 v. Tax Comm'n,* 58 Wn.2d 282, 362 P.2d 244 (1961). If,

however, the specific words exhaust the class designated by the enumeration, general words take a meaning beyond the class. 2 J. Sutherland, *Statutory Construction* § 4913 (3d ed. 1943).

It is conceded that all of the persons specifically mentioned in this act must hold teaching certificates, which the State Board of Education is charged with the responsibility of issuing under RCW 28A.70. The plaintiffs contend that the persons enumerated exhaust the class. However, the record shows that librarians, assistant superintendents and vice principals are required to hold such certificates; thus, the class is not exhausted by the enumeration.

The legislature has itself employed, in another section of the school code, a specification of certificated employees which includes a number of such employees not specifically mentioned in RCW 28A.67.070. RCW 41.36.010 provides:

The word "teacher" wherever used in this chapter shall be held and construed to mean and include any person regularly employed and qualified at the time of retirement as a teacher, instructor, principal, supervisor or superintendent in the public schools of such school districts, or as assistant to any such teacher, instructor, principal, supervisor or superintendent: *Provided,* That "assistant" shall mean such person only as is engaged in educational work and is qualified as a teacher.

To be qualified as a teacher, under the school code, one must hold a valid teaching certificate.

Thus, the class is not exhausted by the persons specified in RCW 28A.67.070, and it would appear that under the rule of ejusdem generis, the legislative intent must have been to extend the benefits of the act only to those persons who are required to hold teaching certificates. The plaintiffs maintain, however, that the law, as it existed prior to 1969, when it referred only to "teachers," was broad enough to include administrative personnel who are required to hold teaching certificates, and that the 1969 amendments specifying certain administrators must be construed as expanding the class to include persons who are

required to hold certificates other than teaching certificates, or else the legislative action was superfluous and meaningless.

We do not think, however, that this conclusion is necessarily indicated. It appears more logical that the legislature thought that the term "teacher" might be regarded as embracing only those certificated employees actually engaged in teaching, and that it amended the act to specifically include administrators in order to remove any ambiguity.

Our examination of the school code leads to the conclusion that the legislature, whenever it used the term "certificated employee" or "certificated personnel" in the school code, used it with reference to persons who hold teaching certificates. Not only does the common rule of statutory construction dictate that statutes in pari materia should be read together and harmonized, but the legislature in this case made express provision for such construction. RCW 28A.98.040 provides:

> The provisions of this title, Title 28A RCW, shall be construed in pari materia even though as a matter of prior legislative history they were not originally enacted in the same statute.

In RCW 28A.72, providing for negotiations by certificated personnel, "certificated employee" is defined as follows:

> "Certificated employee" means any employee holding a regular teaching certificate of the state and who is employed by any school district with the exception of the chief administrative officer of each local district.

RCW 28A.72.020.

■ This court said in *State ex rel. American Piano Co. v. Superior Court, supra* at 679, quoting from 36 Cyc. Law & Proc. 1150:

> "Whenever a legislature had used a word in a statute in one sense and with one meaning, and subsequently uses the same word in legislating on the same subject-matter, it will be understood as using it in the same sense, unless there be something in the context or the nature of things to indicate that it intended a different meaning thereby."

*Accord, DeGrief v. Seattle,* 50 Wn.2d 1, 297 P.2d 940 (1956).

Although the word "certificated" is used many times in the code, we have found none in which, in the context, it would appear to apply to persons who do not hold teaching certificates. RCW 28A.67 has been entitled by the code reviser "Teachers—General Provisions." The title is consistent with the subject matter. RCW 28A.67.010 provides that no person shall be accounted as a qualified teacher within the meaning of the school law who is not the holder of a valid teacher's certificate or permit issued by lawful authority of this state.

The next five sections expressly deal with regulation of teachers' conduct. RCW 28A.67.060 declares that certificated employees shall faithfully enforce in the common schools the course of study *and* regulations prescribed. Why was not the word "teacher" used here, rather than "certificated employees"? It would seem apparent that the broader term was needed because the requirement applies to administrative personnel as well as teachers. The same is true of RCW 28A.67.065, providing for the setting up of evaluative criteria and procedures for "all certificated employees."

The remaining provisions of this chapter also are consistent with the view that the term "certificated employee" is used by the legislature to designate persons holding teaching certificates.

RCW 28A.70 deals with teacher certification; RCW 28A.71 authorizes teachers' institutes, workshops and other in-service training, and RCW 28A.72 authorizes and regulates negotiations by certificated personnel.

In paragraph (2) of RCW 28A.58.100, the word "certificated" is used with reference to educational personnel. That section provides for leaves for attendance at official or private institutes and conferences and sabbatical leaves for employees in positions requiring certification, and leaves for other matters such as illness and injury, for both certificated and noncertificated employees. While a nurse might

find an occasion to attend an institute or conference, such activities are ordinarily associated with teaching or administrative personnel and are expressly authorized for teachers in RCW 28A.71. Furthermore, the term "sabbatical leave" is peculiarly associated with the teaching profession. See the definition of "sabbatical year" in Merriam-Webster Third International Dictionary (1964).

RCW 41.32 provides a retirement plan for "teachers." While it is not a part of the school law as such, its subject matter is relevant. RCW 41.32.010(30) defines the term "teacher" very broadly for purposes of that act, as follows:

> "Teacher" means any person qualified to teach who is engaged by a public school in an instructional, administrative, or supervisory capacity, *including* state, intermediate school district, city superintendents and their assistants and *certificated employees; and in addition thereto* any qualified school librarian, any registered nurse or any full time school doctor who is employed by a public school and renders service of an instructional or educational nature.

(Italics ours.)

Here is a clear expression of legislative recognition that school nurses are not within the class which is designated as "certificated employees." Furthermore, whenever the act refers to its beneficiaries, it refers to them, not as certificated employees, but as teachers[1] or as members.[2]

We have observed that the word teacher is given the usual legislative definition in RCW 41.36, which authorizes first class school districts to make direct payments to its retired superannuated or disabled teachers.

RCW 41.36.030 provides that the eligibility of a teacher for benefits under that chapter shall not be affected by his status as a member or nonmember of the state teachers' retirement system. Thus it was the expressed legislative intent that the teachers' retirement system should have a

---

[1] *See* RCW 41.32.240, .250, .270, .320, .570, .580.

[2] *See* RCW 41.32.260, .280, .300, .310, .330, .340, .350, .360, .365, .366, .380, .420, .430, .440, .460, .470, .480, .493, .4931, .494, .497, .500, .510, .520, .522, .523, .530, .540, .550, .560, .561, .620, .660.

broader coverage of school employees than RCW 41.36.010, the benefits of which were authorized for such persons only as are engaged in educational work and qualified as teachers.

It appears, therefore, that the legislature has been aware of the fact that schools do hire nurses and doctors and has assumed that they hire noncertificated librarians; and where it has intended that legislation apply to such employees, it has made express provision therefor, or has given the term "employee" broad enough a definition to include employees who do not hold teaching certificates, as in RCW 28A.58.420 (authorizing insurance for "employees"). *See also* RCW 28A.58.100, providing in paragraph (1) that the board of directors of a school district, unless otherwise specially provided by law, shall hire for 1 year and for sufficient cause discharge all "certificated and noncertificated employees."

The plaintiffs have drawn our attention to no provision of law which expresses a legislative recognition that persons who do not hold teaching certificates may be included within the term "certificated employee." They insist, nevertheless, that the language of RCW 28A.67.070 shows that the term, as used there, was meant to have a broader scope. They point to the fact that, after providing that an employee shall not be hired except by written order of a majority of the directors, that section states:

> nor unless he is the holder of an effective teacher's certificate or other certificate required by law or the state board of education for the position for which the employee is employed.

■ The plaintiffs say that the "other certificate" can be a nurse's certificate. However, the language is used with reference to "employees" and an employee is defined earlier in the paragraph as a "teacher, principal, supervisor, superintendent, or other certificated employee." Since the legislature so consistently used the words "certificated employee" in every context with reference to persons holding teaching certificates, we cannot believe that it intended to introduce

a different meaning in such a casual and indirect manner. We can conclude only that the words "other certificate required by law or the state board of education" have reference to a certificate required for teaching or administering the schools.

Viewing the statute as a whole and in pari materia with other statutes, then, and applying the doctrine of ejusdem generis, we conclude that the legislature intended that the protection of RCW 28A.67.070 should extend only to persons certified as teachers and not to those who, though certified to perform other functions in the school system, are not required to hold a teaching certificate.

The judgment is affirmed.

HAMILTON, C.J., FINLEY, HUNTER, HALE, STAFFORD, WRIGHT, and UTTER, JJ., concur.