[No. 46604.   En Banc.   October 9, 1980.]

*In the Matter of the Personal Restraint of*
KENNETH A. GARDNER, *Petitioner.*

*Steve Scott, John Midgley,* and *Stan Taylor* of *Institutional Legal Services,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *Patricia A. Thompson, Deputy,* for respondent.

DOLLIVER, J.—Defendant was charged with first degree possession of stolen property and second degree burglary. The first charge involved possession of stolen property in

excess of $1,500, while the value of the unrecovered property in the second degree burglary charge was under $400. Defendant entered a plea of guilty to each charge. The trial court accepted defendant's pleas, adjudged him guilty and ordered a presentence report.

Defendant's pleas of guilty were the result of a plea bargain negotiated with the prosecuting attorney. Defendant was implicated in 38 burglaries of mobile homes. In return for guilty pleas on the two felonies, the prosecuting attorney agreed to drop the charges on the additional burglaries.

During the arraignment hearing, the prosecuting attorney informed the court:

> I think the plea agreement should embody those [burglaries] that the defendant would recall that occurred prior to his arrest on this burglary that is before the court today, in exchange for the defendant's full cooperation in helping recover all of the property that to his knowledge came out of any burglaries he participated in.

In addition, the prosecutor stated that, as there were other defendants involved and property was being recovered from a number of places, he would "need the defendant's full cooperation over a period of time." The court summarized the agreement as follows:

> [I]n return for pleas of guilty on these two felonies, and the [1] *continued cooperation of the defendant in restitution,* and in locating property, the prosecutor has agreed that [2] *no other burglary charges will be made* against the defendant which may have been committed prior to this time.

(Italics ours.)

Defendant's appointed counsel agreed the court had correctly set forth the plea agreement but added that defendant did "not recall specific burglaries". Nonetheless, counsel stated defendant "*is going to try to give his fullest cooperation, . . . he has indicated clearly that he would do the very best he could.*" (Italics ours.) Later, at the sentencing hearing, defendant's attorney expressed the intention of Mr. Gardner to make restitution to the victims of crimes not charged as part of the plea agreement. While counsel

noted probable difficulties to pay an "estimate of still $48,000 worth of restitution", he stated "Mr. Gardner would like to have the opportunity to pay back as much as he possibly could, with the opportunity for probation."

Defendant was sentenced on the burglary conviction to a prison term of not more than 10 years. *In lieu of a fine,* the court ordered restitution in the amount of $10,000. We accepted certification from the Court of Appeals of a personal restraint petition challenging the restitution order. The question before us is whether a superior court, pursuant to RCW 9A.20.030, may order restitution in an amount more than double defendant's gain or the victim's loss from the crime for which defendant is convicted on a plea of guilty, where the plea is based upon the prosecutor's agreement not to charge other offenses from which defendant was alleged also to have gained money or property.

The pertinent portion of the statute in question reads:

> If a person has gained money or property or caused a victim to lose money or property through the commission of a crime, *upon conviction thereof* the court, *in lieu of imposing the fine authorized for the offense* under RCW 9A.20.020, may order the defendant to pay an amount, fixed by the court, *not to exceed double the amount of the defendant's gain or victim's loss* from the commission of a crime.

(Italics ours.) RCW 9A.20.030(1).

RCW 9A.20.030(1) is a new provision in the criminal code, enacted in 1975, which allows the trial court an additional sentencing option where the crime involves either the gain of money or property by the defendant or the loss of money or property by the victim. *See* Washington State Bar Association Criminal Law Section, Continuing Legal Education Committee, *Practice Under the New Criminal Code,* at 12 (1976). *See also* G. Mooney & G. Golob, Washington State Criminal Justice Training Commission, *Revised Criminal Code Training and Seminar Manual* RCW 9A.20.030(1) (1976).

The State contends the court could have required restitution up to double the amount it determined to be defendant's wrongful gain. Since, in the burglaries for which defendant was implicated but never charged or convicted, the loss of the victims exceeded $50,000, under the theory of the State the court could have ordered restitution of $100,000.

■ The State misconstrues the statute and reads out the requirement that the court can order restitution to the victims only upon conviction of the crime wherein the victim lost money or property. Even if the language of the statute were ambiguous, any ambiguity must be resolved in favor of the defendant. *State ex rel. McDonald v. Whatcom County Dist. Court,* 92 Wn.2d 35, 593 P.2d 546 (1979); *Seattle v. Green,* 51 Wn.2d 871, 322 P.2d 842 (1958). Here, however, the language is clear and unambiguous; it requires no judicial construction or interpretation. *Automobile Drivers & Demonstrators Local 882 v. Department of Retirement Sys.,* 92 Wn.2d 415, 598 P.2d 379 (1979); *Thompson v. Lewis County,* 92 Wn.2d 204, 595 P.2d 541 (1979).

■ A defendant must be convicted of a crime before being ordered to pay restitution to the victims, and the restitution is limited to double the amount of the gain of defendant or loss of the victim from the crime for which defendant was convicted.

■ The State further contends restitution of the full amount to victims of crimes for which defendant was not convicted was part of the plea bargain and should be enforced. First, as defendant asserts and the State admits, a plea bargaining agreement cannot exceed the statutory authority given to the courts. There can be no restitution without a conviction. Second, it is clear from the record, the relevant passages of which are set out above, that no agreement of restitution was contemplated or acquiesced in by defendant. *See also State v. Eilts,* 94 Wn.2d 489, 617 P.2d 993 (1980).

508

The case is reversed and remanded to the trial court with instructions to set the restitution in lieu of fine which defendant is required to pay as no more than double the amount of the victim's loss in the burglary for which defendant was convicted.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.