[No. 46425. En Banc. October 9, 1980.]

THE STATE OF WASHINGTON, *Petitioner*, v. BOBBY R. EILTS, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Gene Anderson, Chief Deputy,* for petitioner.

*Edwards & Barbieri,* by *Malcolm L. Edwards* and *Charles K. Wiggins,* for respondent.

STAFFORD, J.—Defendant Bobby Eilts appealed the terms of his probation order contending the court had exceeded its statutory authority to condition probation on restitution. The Court of Appeals reversed the trial court and remanded the cause for modification of the probation order. Restitution was limited to crimes for which defendant had been convicted. We affirm the Court of Appeals.

Defendant was charged with eight counts of securities fraud in violation of The Securities Act of Washington. RCW 21.20.010 and .400. Each count involved the sale of common stock in a nonoperating shell corporation called American General Industries (AGI). The trial court granted the State's motion to amend the information, thereby adding two counts charging defendant with the sale of unregistered securities in violation of RCW 21.20.140.

At trial, the State produced as witnesses seven of the eight persons named in the information as defrauded investors. Over defendant's objection, the State was also allowed to introduce evidence concerning AGI stock sales not specifically charged in the information. The trial record indicates defendant defrauded at least 87 separate investors of approximately $111,573.90. The total amount lost by the seven investors named in the information, and called as witnesses, was approximately $24,930. At the conclusion of the State's case, the trial court granted defendant's motion to dismiss count 1 for lack of proof. Defendant was convicted of the remaining seven counts of stock fraud and the two counts of selling unregistered securities.[1]

At sentencing, the State recommended defendant be sentenced to a maximum term of 10 years on each count to run concurrently. In response, defendant's attorney stated to the sentencing court:

---

[1]The defendant appealed the convictions for selling unregistered securities. The Court of Appeals held both convictions were barred by the statute of limitations.

He [defendant] does want to pay back this $100,000 claim, and he may be able to do that, or he could lose it all.

. . .

Now one of the things that should be considered is that Mr. Eilts does owe this money and he intends to pay it. He does not deny that debt.

. . .

He acknowledges that he owes the full $100,000, and he intends that this will be paid. This is his debt. He considers it his personal debt.

. . .

. . . Mr. Eilts is not making a grandstand play. . . .

Now, in this probation report it is recommended that he receive probation on condition of restitution within six years. It is not just a matter of the 87 people that we are talking about, but Mr. Eilts wants to pay back every dollar to the people that trusted him with the money.

Defendant likewise stated to the court:

I want the Court to understand that I am not absolving myself. . . . whatever does happen, the people will be paid.

Following these remarks, the trial court sentenced defendant to 1 year in jail with 9 months suspended on the condition that he make restitution to *all* AGI investors within the period of probation.

Defendant appealed the order of probation contending restitution should have been limited solely to losses suffered by the investors named in the counts of which he was convicted.

RCW 9.95.210 authorizes the trial court, when granting probation, to require a defendant to make monetary payments as "restitution to any person or persons who may have suffered loss or damage by reason of the commission of the *crime in question* . . ."[2] (Italics ours.) RCW 9.95-.210(2). The Court of Appeals held the phrase "crime in question" refers only to the crime or crimes on which a

---

[2]RCW 9.95.210 provides in relevant part:

"Conditions may be imposed on probation. . . . The court in granting probation, may suspend the imposing or the execution of the sentence . . .

conviction is specifically based. It also rejected the State's contention that in the instant case, the "crime in question" was fraud in the offer and sale of a security to the *public*. The Court of Appeals concluded the sentencing court had exceeded its authority to require restitution as provided in RCW 9.95.210. Accordingly, the cause was remanded to modify the probation order to require restitution only to those investors named in the seven remaining counts of securities fraud.

We affirm the Court of Appeals.

■ Absent a legislative history to guide us in our interpretation of RCW 9.95.210, we must resort to traditional rules of statutory construction. *Champion v. Shoreline School Dist. 412*, 81 Wn.2d 672, 504 P.2d 304 (1972). First, we must attempt to ascertain and give effect to the intent and purpose of the legislature, as expressed in the act. *In re Lehman*, 93 Wn.2d 25, 604 P.2d 948 (1980); *Burlington N., Inc. v. Johnston*, 89 Wn.2d 321, 572 P.2d 1085 (1977). Next, if the legislature employs words of common meaning, that meaning must be applied to the statutory language unless it results in absurd or incongruous results. *In re Lehman*, *supra* at 27; *State v. (1972) Dan J. Evans Campaign Comm.*, 86 Wn.2d 503, 546 P.2d 75 (1976). Finally, if a statute is clear and unambiguous on its face, judicial construction or interpretation is unnecessary. *Automobile Drivers Local 882 v. Department of Retirement Sys.*, 92 Wn.2d 415, 598 P.2d 379 (1979). Application of these principles makes it clear the phrase "crime in question" refers only to the specific crime or crimes of which a defendant is charged and convicted.

■ Restitution must be reasonably related either to a defendant's duty to make reparation or to the prevention of future crimes. *State v. Morgan*, 8 Wn. App. 189, 190, 504

---

". . . The court may also require the defendant to make such monetary payments, on such terms as it deems appropriate under the circumstances, as are necessary . . . (2) to make restitution to any person or persons who may have suffered loss or damage by reason of the commission of *the crime in question* . . ." (Italics ours.)

P.2d 1195 (1973); *State v. Summers,* 60 Wn.2d 702, 375 P.2d 143 (1962). If a restitution order is expected to direct a defendant to accept responsibility for a crime, the order must be reasonably related to that crime. As noted in *State v. Stalheim,* 275 Ore. 683, 688, 552 P.2d 829, 831 (1976): "when a defendant is ordered to make reparation to persons other than the direct victim of a crime, the rehabilitative effect of making the offender clearly appreciate the injury caused by his offense would, in our opinion, be significantly diluted."[3]

■ We reject the State's contention that, in the instant case, the "crime in question" is fraud in the offer and sale of a security to the *public.* Each count in the information was directed solely to the culpable actions of defendant towards a specifically named victim. Moreover, RCW 21.20.010 prohibits three distinct practices relating to the offer, sale, or purchase of a security.[4] In the instant case, the jury's instructions regarding practices prohibited by

---

[3]In interpreting RCW 9.95.210 the Court of Appeals applied the general rule that "[c]riminal statutes are construed against the State". *State v. Eilts,* 23 Wn. App. 39, 44, 596 P.2d 1050 (1979). The court erred in assuming RCW 9.95.210 is a criminal statute. A statute is penal in nature when a violation of its provisions can be punished by imprisonment and/or a fine. *State v. Hart,* 136 Wash. 278, 283, 239 P. 834 (1925). Conversely, a statute is remedial when it provides for the remission of penalties and affords a remedy for the enforcement of rights and the redress of injuries. *Haddenham v. State,* 87 Wn.2d 145, 148, 550 P.2d 9 (1976). The probation statute is not criminal in nature. It is not simply the violation of the terms of probation which leads to incarceration; rather, incarceration, if any, relates back to the original conviction for which probation was granted. This error, however, does not affect our conclusion that RCW 9.95.210 authorizes a sentencing court to condition probation upon restitution only for the specific crime or crimes of which a defendant is charged and convicted.

[4]RCW 21.20.010 provides:
"Unlawful offers, sales, purchases. It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly:
"(1) To employ any device, scheme, or artifice to defraud;
"(2) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
"(3) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person."

RCW 21.20.010 were phrased in the disjunctive. Thus, the jury could have found defendant guilty only on the basis of RCW 21.20.010(2), *i.e.*, that untrue statements of material fact were made to each named investor, and still have found there was *no* device, scheme, or artifice to defraud the general public under RCW 21.20.010(1). While evidence of an overall scheme is present, the individual counts alleged in the information do not constitute a single scheme to defraud the *public* for purposes of RCW 9.95.210.

The State contends defendant is not in a position to appeal the probation order having acknowledged the debt owed to *all* the investors and having promised to repay what he freely admitted he owed during the sentencing hearing. These statements, the State argues, prompted the sentencing court to reject a long jail term in favor of probation upon the condition that defendant repay *all* of the investors. Having created the error below, it is contended defendant should not be allowed to profit therefrom on appeal.

█ The State's position is not well taken. As we noted in *State ex rel. Schock v. Barnett,* 42 Wn.2d 929, 931, 259 P.2d 404 (1953):

> The court has no inherent power to suspend a sentence. *State ex rel. Zbinden v. Superior Court,* 135 Wash. 458, 463, 238 Pac. 9, 240 Pac. 565 (1925), and case cited. The terms of the statute granting this power are mandatory. *State ex rel. Comer v. Hall,* 173 Wash. 188, 194, 22 P. (2d) 295 (1933), and cases cited. If the statutory provisions are not followed, the action of the court is void. *Id.* at p. 196. The same rules apply to probation. The court must act within the limits of the statutes. *State v. Farmer,* 39 Wn. (2d) 675, 678, 237 P. (2d) 734 (1951).

By requiring defendant to pay restitution to *all* victims of the stock fraud, the court acted in excess of its statutory authority. Even assuming the court's order may have been based largely upon defendant's promise of repayment, a defendant cannot empower a sentencing court to exceed its

statutory authorization. *See State ex rel. Schock v. Barnett, supra.* In a similar vein *see In re Gardner,* 94 Wn.2d 504, 617 P.2d 1001 (1980).

▮ Since the sentencing court exceeded its statutory authority it is necessary to consider the appropriate remedy. It is well established that the imposition of an unauthorized sentence does not require vacation of the entire judgment or granting of a new trial. *In re Carle,* 93 Wn.2d 31, 604 P.2d 1293 (1980). The error is grounds for reversing only the erroneous portion of the sentence imposed. Consequently, although the probation exceeds the authority granted in RCW 9.95.210, the order as a whole is not void.

Probation conditioned on restitution to be made to the seven investors named in the counts of which defendant was convicted is clearly authorized by RCW 9.95.210. The trial record indicates the seven investors were defrauded of a total of approximately $24,930. Consequently, the cause is remanded for modification of the restitution order consistent with this opinion.

UTTER, C.J., and HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

WILLIAMS, J. (concurring)—I concur. Although I prefer the result reached by the dissenting opinion, I do not believe that under the law it can be obtained. This is unfortunate, since the majority's decision will have a severe impact on the prosecution's way of charging in those cases where probation might result following a conviction or plea of guilty.

A typical case occurs where a defendant has forged and cashed numerous checks over a short period of time and upon being apprehended indicates that he will plead guilty. The prosecuting attorney will frequently charge only one count in the information, with the understanding that the defendant will make restitution on all the other outstanding checks if probation is granted. Another example is

present in this case, where only 7 out of a possible 87 counts of securities fraud were charged and proved. As the majority opinion correctly concludes, RCW 9.95.210(2) allows restitution as a condition of the probation order only as to the 7 individuals named in the 7 counts. In order to seek an order of restitution for all the victims, under the statute the prosecution would have to have charged 87 counts of securities fraud. The repetition and delay involved in drawing the information, serving the warrant, and arraigning the defendant, are too obvious to require detailed description.

I would hope the legislature would amend the probation statute, RCW 9.95.210(2), so as to avoid this cumbersome procedure and permit the court to order restitution to all the victims of a defendant's criminal acts.

UTTER, C.J., concurs with WILLIAMS, J.

BRACHTENBACH, J. (concurring and dissenting)—While I agree with the analysis of the majority, I would remand to the trial court for resentencing.

It is manifestly unfair to the sentencing judge to allow the defendant and his attorney to represent to the court the intentions of the defendant to repay *all* of the victims of his fraud and then not only factually reject such obligation, but appeal, successfully, on that very ground.

The defendant should be before the court for sentencing with full knowledge by the court that the defendant does not intend to honor the explicit commitment of an acknowledgement of liability to all victims and a declared intent to pay all those victims, not just those as to whom he was charged.

The majority gives the defendant the best of both worlds. Particularly in a civil fraud case, the court is entitled to know the true character of the defendant. The result of the majority opinion is to deny that knowledge to the trial court before the court passes sentence.

I would remand for resentencing.

ROSELLINI and WRIGHT, JJ., concur with BRACHTENBACH, J.