[No. 40871-2-I.    Division One.    October 26, 1998.]

ANTHONY L. MALO, *Appellant*, v. ALASKA TRAWL FISHERIES, INC., ET AL., *Respondents*.

*Richard D. Reed* of *Law Offices of Judith A. Lonnquist, P.S.*, for appellant.

*Timothy D. Blue* and *Mary H. Spillane* of *Williams, Kastner & Gibbs, P.L.L.C.*, for respondents Alaska Trawl Fisheries and Craig Cross.

*Michael R. Scott* of *Hillis Clark Martin & Peterson, P.S.*, for respondents Campbell Fisheries, Inc. and Bart Campbell.

BECKER, J. — Alaska Trawl Fisheries, Inc. (ATF) refused to renew Anthony Malo's employment contract as co-captain of a trawler. Malo sued ATF and the other co-captain, Bart Campbell, alleging they had taken action against him in retaliation for his opposition to sexual harassment on board the vessel. Malo's claims were dismissed on summary judgment. We affirm, and hold that Campbell was not subject to suit under RCW 49.60.210(1) because he was Malo's co-worker.

Reviewing a summary judgment, we consider the facts in the light most favorable to the nonmoving party. A summary judgment motion should be granted only·if a reasonable person could reach but one conclusion from all the evidence.[1]

## FACTS

Alaska Trawl Fisheries, Inc. owned the fishing vessel F/T *Endurance*, a factory trawler. ATF employed Anthony Malo

---

[1]*Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998).

and Bart Campbell to alternate as captains.

Early in 1992, Malo twice confronted Campbell about complaints that Campbell was behaving improperly towards some of the female crew members. Campbell denied any improper behavior and became antagonistic toward Malo. Malo reported the complaints and his confrontation with Campbell to Bill Howell, who was ATF's president at that time.

On October 27, 1993, Craig Cross became the new president of ATF, replacing Howell. A few days later, Cross went to Dutch Harbor to see the F/T *Endurance*. While there, Cross met with Campbell, who was the captain on board, and other officers and crew members.

On November 5, 1993, after returning from Dutch Harbor, Cross met with Malo and informed him that he was not going to renew Malo's crew contract. According to Malo, Cross told him that he had chosen to retain Campbell as the sole captain because he preferred not to have a bifurcation of the crew and because Campbell was more acceptable to ATF's owners. Malo then told Cross about the sexual harassment allegations other crew members had made against Campbell. According to Malo, Cross appeared to have no prior knowledge of these allegations.

About a month after his employment ended with ATF, Malo began employment with another fishing company. He later sued Cross, ATF, Campbell and Campbell's company, Campbell Fisheries, Inc. All of Malo's claims were dismissed on motions for summary judgment.

## RETALIATORY DISCHARGE CLAIM AGAINST CO-WORKER

Malo brought a retaliatory discharge claim against Campbell, the co-captain, under Washington's Law Against Discrimination, RCW 49.60. The trial court dismissed it on the ground that Campbell was not Malo's employer and therefore was not subject to liability under RCW 49.60.210(1). Malo appeals contending that the statute unambiguously controls the conduct of any "person" even if that person is not an employer.

RCW 49.60.210(1) provides:

> It is an unfair practice for any employer, employment agency, labor union, or *other person* to discharge, expel, or otherwise discriminate against any person because he or she has opposed any practices forbidden by this chapter, or because he or she has filed a charge, testified, or assisted in any proceeding under this chapter.[2]

(Emphasis added.)

■■■ A general term used at the end of a sequence in a statute is restricted in its application by the preceding words.

> The *ejusdem generis* rule requires that general terms appearing in a statute in connection with specific terms are to be given meaning and effect only to the extent that the general terms suggest items similar to those designated by the specific terms. In short, specific terms modify or restrict the application of general terms where both are used in sequence.[3]

Provisions in a statute are to be read in the context of the statute as a whole.[4] Applying these principles of statutory construction to the present statute, we hold that the general term "or other person" is restricted by the words "employer," "employment agency" and "labor union."[5] The section, read as a whole, is directed at entities functionally similar to employers who discriminate by engaging in conduct similar to discharging or expelling a person who has opposed practices forbidden by RCW 49.60.

Here, Campbell did not employ, manage or supervise Malo. He was not in a position to discharge Malo or to expel him from membership in any organization.[6] Because

---

[2]RCW 49.60.210(1) (emphasis added).

[3]*Dean v. McFarland*, 81 Wn.2d 215, 221, 500 P.2d 1244 (1972).

[4]*Pope v. University of Wash.*, 121 Wn.2d 479, 489, 852 P.2d 1055 (1993).

[5]RCW 49.60.210(1).

[6]*Cf. Galbraith v. TAPCO Credit Union*, 88 Wn. App. 939, 946 P.2d 1242 (1997), *review denied*, 135 Wn.2d 1006 (1998) (liability under RCW 49.60.210 extends to credit unions who discriminate against credit union members engaged in protected activities).

RCW 49.60.210 does not create personal and individual liability for co-workers, the trial court did not err in dismissing Malo's claim against Campbell under that statute.

Affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

AGID, A.C.J., and Cox, J., concur.

Review denied at 137 Wn.2d 1029 (1999).