# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HAIDAR FALAH ALSHAMAA, aka: HAIDAR FALAH ALSHAMA, aka: HAIDAR FALAH AL-SHAMAA, aka: HAIDER FALAH ALSHAMAA, aka: HAIDER FALAH ALSHAMA, aka: HAIDER FALAH AL-SHAMAA, <br><br> Respondent, <br><br> v. <br><br> HUSSAIN KADIM KHADEM ALSHAFEI and JANE/JOHN DOE KADIM KHADEM ALSHAFEI, husband and wife and their marital community; and QUICK TIME SERVICES, INC., a Washington corporation; and QTS SERVICES, LLC, dba: QTS, a Washington limited liability company, <br><br> Appellants. | DIVISION ONE <br><br> No. 85646-4-I <br><br> UNPUBLISHED OPINION |

DWYER, J. — Hussain Alshafei appeals from an order granting summary judgment against him for an unpaid loan. Alshafei contends that summary judgment was improperly granted because there existed genuine issues of material fact. He asserts that (1) there was no evidence that the loan transaction actually occurred and that Alshafei received the money, (2) there was no evidence that Alshafei still owed the money because he was owed a larger

amount of money from Haidar Alshamaa,[1] and (3) the court did not view the evidence in Alshafei's favor.

We conclude that there was no issue of material fact that the loan was made and received based on evidence in the record. The signed and notarized loan agreement as well as a demand letter stating that the loan must be repaid in 60 days confirmed that the money was actually owed. Alshafei breached the agreement when he did not repay the loan.[2]

Confining our review to matters properly put at issue in the trial court, we also consider the fact that Alshafei never filed an answer to Alshamaa's complaint. Accordingly, no other loans, payments or potential setoffs were pertinent to the trial court's decision because they were never put at issue by the pleadings in this cause.

We affirm the trial court's grant of summary judgment on the breach of the loan agreement.

I

In 2014, Haidar Alshamaa resided in Iraq and Hussain Alshafei resided in Mountlake Terrace, Washington. Alshamaa and Alshafei each owned a business that specialized in foreign money transactions, especially between the United States and Iraq, and they often assisted each other in these transactions.

---

[1] The respondent's first name, "Haidar," is spelled differently throughout the Clerk's Papers and also in the parties' own loan agreement and trustee receipt. The alternate spelling is "Haider." Where quoted in this opinion, the original spellings have been maintained.

[2] Alshamaa's motion for summary judgment points to authority that a "payable upon demand" promissory note is enforceable under Washington law. Allied Sheet Metal Fabricators, Inc. v. People's Nat'l Bank of Wash., 10 Wn. App. 530, 533-34, 518 P.2d 734 (1974).

On February 1, 2014, Alshamaa made a $400,000 cash loan to Alshafei. On or about March 25, 2014, the parties signed a "Trustee Receipt" agreement, which stated that the cash loan had been made to Alshafei in his capacity as business partner, for the purpose of investment and for working capital. The Trustee Receipt was written in English and translated into Arabic. Three signatures were affixed to the Arabic version. The document read as follows:

> I, Hussain Kadim Khadem Alshafei, have received the sum of Four Hundred Thousand ($400,000) Dollars from Mr. Haidar Falah Alshamaa for the purpose of being a partner in the US based company called QTS and for investment and working capital . . .
> . . . .
> For this I hereby sign my name and I am committed to return the above sum upon request.

Between April and May of 2014, Alshamaa requested repayment of the loan, but he received no payment from Alshafei. In May 2014, Alshamma traveled from Iraq to Seattle to meet with Alshafei regarding the loan. They met on May 12, at which time Alshafei signed a loan agreement, promising to repay $350,000 within 60 days of written notice from Alshamaa. Alshafei signed the agreement on his own letterhead. The agreement reads as follows:

> I, HUSSAIN ALSHAFEI, HAVE BORROWED $350,000 FROM MR. HAIDER FALAH AL-SHAMAA WITHOUT INTEREST. I WILL RETURN THE MONEY TO HIM UPON 60 DAYS WRITTEN NOTICE FROM HIM. NOTICE NEED TO BE SENT TO ME, WITH A COPY TO MY ATTORNEY, C. MICHAEL KVISTAD, AT THE BELOW ADDRESSES.

The signing of the agreement was witnessed by notary Clare Nordquist, who, in conjunction with the summary judgment motion, later provided a copy of

her notary log to the court. Nordquist's notary log contained a line with Alshafei's name, driver's license number, signature, and date of signing.

On December 3, 2014, Alshamaa's attorney, Marshal Garmo, sent written notice to Alshafei and demanded that he repay the $350,000 to Alshamaa within 60 days by a wire transfer to Garmo's bank account. Alshafei did not repay the loan within 60 days, nor did he provide evidence to the trial court that he has ever repaid the loan.

In June 2015, Alshamaa filed a complaint in the Snohomish County Superior Court seeking repayment. The summons included the following statement, informing Alshafei that he was required to respond to the complaint:

> In order to defend against his lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded.

Alshamaa moved for summary judgment on September 2, 2015. Alshafei then moved for a temporary stay of proceedings on September 15, 2015, due to pending criminal charges against him in federal court. The stay was granted on September 24. During this time, separate criminal proceedings were pending against Alshafei in the United States District Court based on financial transactions characterized as money laundering and other unlawful activities. Alshafei settled the federal case against him, paying restitution of $10,000. The stay in this case was lifted in June 2018. Thereafter, in August 2020, Alshamaa filed another motion for summary judgment.

On September 14, 2020, Alshafei responded.[3]  He first denied having signed the notarized loan agreement.  Alshafei also claimed that he had made payments to Alshamaa in a series of small and large lump sums, totaling $488,455.  Alshafei asserted that he, like Alshamaa, had not yet been repaid.  Alshafei provided bank receipts that, he asserted, recorded the payments.

In October 2020, the court denied Alshamaa's motion for summary judgment in light of perceived unresolved issues, pointing to uncertainty of loan payment and whether the deals were separate or if part of the original loan had been paid back through these transactions.  After the court's ruling, Alshamaa tendered Alshafei discovery requests for specific documents pertaining to any loans between the parties.  Alshafei did not comply.  In April 2022, the superior court entered an order to compel discovery.

On June 2, 2023, Alshamaa filed a new motion for summary judgment and argued that because Alshafei had not provided any documents to support his allegations after being compelled by the court to do so, summary judgment was now appropriate.

Alshamaa's attorney testified by declaration that he had spoken with Alshafei on the phone.  During the call, Alshafei acknowledged that he had received the motion for summary judgment and that he planned to file one or more lawsuits in return.  However, as of July 3, 2023, Alshamaa still had not

---

[3] The response is handwritten and is not accompanied by a memorandum or brief.  In the denial of the motion for summary judgment, the judge comments that, "[a]lthough the Defendant's response declaration is inartful, it does claim the written agreement/contract to repay loan is forged and therefore fraudulent."  The trial judge also referenced other payments claimed to have been made by Alshafei to Alshamaa.

received any response to the motion for summary judgment, nor did the court docket show that any response had been filed.

CR 56(e) instructs: "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

On July 11, 2023, the motion for summary judgment was granted. A corrected order was filed in February 2024 to address a scrivener's error in the judgment balance. In the order, and pursuant to CR 56(h),[4] the trial court designated the documents and other evidence that had been called to its attention before the motion for summary judgment was entered, including:

1) Plaintiff's Motion for Summary Judgment;
2) Declarations of Alshamaa's attorney, Benjamin Kelly, with exhibits;
3) Declaration of Alshamaa, with exhibits;
4) Declaration of the notary, Claire Nordquist;
5) exhibits included with the declarations
   a. 2014 notarized document showing $350,000 loan from plaintiff to defendant;
   b. May 12, 2014 notary journal showing entries;
   c. 2014 written notice for repayment from plaintiff's attorney to defendant's attorney;
   d. 2022 Order Granting Plaintiff's Motion to Compel.
6) Reply in Support of Plaintiff's Motion for Summary Judgment;

Directly below the list of documents considered, the trial court also wrote:

Respondent did not submit a written answer to Plaintiff's Motion for Summary Judgment:
Based on the above evidence, this Court hereby ORDERS:
1) Defendant's oral request to continue is DENIED. Defendant has not indicated that he would pay attorney fees to Plaintiff due to requested continuances.
2) Plaintiff's Motion for Summary Judgment is GRANTED. Defendant's own notarized statements acknowledge he received the funds at issue. The present motion is

---

[4] CR 56(h) provides: "**Form of Order**. The order granting or denying the motion for summary judgment shall designate the documents and other evidence called to the attention of the trial court before the order on summary judgment was entered."

essentially identical to the 2020 summary judgment motion. That previous motion was denied and continued for the purpose of developing discovery. Since then Defendant has not produced any additional documentation despite this Court's motion to compel.

The trial court entered judgment in favor of Alshamaa in the principal amount of $350,000 together with $525.00 in court costs and statutory attorney fees.

Alshafei appeals.

II

We review summary judgment orders de novo and engage in the same inquiry as the trial court. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). A motion for summary judgment is properly granted if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Wilkinson v. Chiwawa Comtys. Ass'n, 180 Wn.2d 241, 249, 327 P.3d 614 (2014). "'A material fact is one that affects the outcome of the litigation.'" Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012) (quoting Owen v. Burlington N. Santa Fe R.R., 153 Wn.2d 780, 789, 108 P.3d 1220 (2005)).

"A summary judgment motion should be granted only if a reasonable person could reach but one conclusion from all the evidence." Malo v. Alaska Trawl Fisheries, Inc., 92 Wn. App. 927, 928, 965, P.2d 1124 (1998). A genuine issue of material fact exists when reasonable minds could differ on the facts

controlling the outcome of the case. Dalen v. St. John Med. Ctr., 8 Wn. App. 2d 49, 57-58, 436 P.3d 877 (2019).

As then-Judge Cardozo once pronounced: "'The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial.'" Preston v. Duncan, 55 Wn.2d 678, 684, 349 P.2d 605 (1960) (quoting Richard v. Credit Suisse, 242 N.Y. 346, 152 N.E. 110, 45 A.L.R. 1041 (1926)).

A

The moving party bears the initial burden of establishing that no genuine issue of material fact exists and that it has a right to judgment as a matter of law. Once satisfied, the burden then shifts to the nonmoving party to prove that a triable issue exists. Geer v. Tonnon, 137 Wn. App. 838, 843, 155 P.3d 163 (2007). We construe all reasonable inferences from the evidence in favor of the nonmoving party. Green v. Normandy Park, Riviera Section Cmty. Club, Inc., 137 Wn. App. 665, 681, 151 P.3d 1038 (2007).

Alshamaa's lawsuit was for the breach of the loan agreement, which was a contract requiring Alshafei to repay money upon demand. "When performance of a duty under a contract is due, any non-performance is a breach." RESTATEMENT (SECOND) OF CONTRACTS §235(2) (AM. LAW INST. 1981). To prevail in his case, Alshamaa was required to prove the following elements:

> 1) That the defendant entered into a contract with plaintiff [loan agreement];
> 2) That the terms of the contract included: [loan was to repaid in 60 days upon demand letter];

8

3) That defendant breached the contract as claimed by plaintiff [by not repaying the loan in 60 days after demand letter received];
4) That plaintiff had performed its obligations under the contract [loaned defendant money];
5) That the condition precedent had occurred [demand letter]; and
6) That plaintiff was damaged as a result of defendant's breach [loss of $350,000].

See 6A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 300.02 (7th ed. 2019) (WPI).[5]

To prove that a loan had been made and that there was an enforceable promise to repay it, Alshamaa produced various items of evidence, including the signed and notarized loan agreement on Alshafei's letterhead for repayment of $350,000. The agreement clearly stated both receipt of the funds and the terms of repayment. This document was accompanied by the notary's declaration and notary log proving that she had witnessed Alshafei signing the agreement in her presence. Initially, Alshafei denied that he had signed the agreement, which was the basis for the denial of the 2020 motion for summary judgment. However, Alshafei did not deny having signed it during the 2023 summary judgment proceedings.

To prove that Alshamaa had caused to be sent to Alshafei a demand for payment, triggering the 60-day repayment period, Alshamaa produced the December 3, 2014 letter. Alshafei's receipt of the letter was then corroborated by Alshamaa's attorney, who attested that he had spoken to Alshafei on the phone and obtained confirmation that the letter had arrived. That the loan was never repaid was also confirmed. As a result of this breach, Alshamaa proved a loss of

---

[5] See also the comments to WPI 302.03 (Material Breach—Definition) and WPI 300.02 (Burden of Proof on the Issues—Breach of Contract—No Affirmative Defense).

$350,000. Therefore, the record indicates that all of the elements of the claim at issue were established. Alshamaa met his initial burden of proof. Thereafter, the burden shifted to Alshafei.

B

Alshafei first asserts that there exists a genuine issue of material fact. This is so, he argues, because Alshamaa did not produce evidence in the form of bank transfers or receipts that Alshafei actually received the $350,000 from Alshamaa. Alshafei alleges that the only evidence of the loan payment was Alshamaa's "self-serving" declaration, which could not be considered as evidence.

We first consider the question of the self-serving declaration and then decide whether there existed an issue of material fact.

1

Alshafei's contention that a self-serving declaration cannot act as admissible evidence fails. The court must consider all admissible evidence presented to it in order to rule on a summary judgment motion, including statements that appear to serve the interests of the declarant. Haley v. Amazon.com Servs., LLC, 25 Wn. App. 2d 207, 220, 522 P.3d 80, 87 (2022). Haley holds that such declarations are competent evidence.

> In accordance with these rules, a court may not disregard a party's declaration simply because it believes the testimony to be "self-serving." Indeed, classifying a party's declaration as "self-serving" is essentially meaningless. *All* evidence submitted by a party should be self-serving. That is the purpose of introducing evidence: to lend credence to the party's theory of the case.

<u>Haley</u>, 25 Wn. App. 2d at 220. Additionally, "a party's declaration is enough to create a question of fact where [the declarant's] . . . testimony was based on [the declarant's] personal observations." <u>Reagan v. Newton</u>, 7 Wn. App. 2d 781, 806, 436 P.3d 411 (2019).

Here, Alshamaa's declaration was based on his personal observations and experiences with Alshafei and the acts of negotiating and signing their loan agreement. Alshamaa's declaration was not a "mere assertion." Instead, it was direct evidence of that which he had perceived through his senses. Therefore, it was based on his personal knowledge. ER 602. In addition, it was accompanied by two exhibits that were direct evidence of the loan made to Alshafei: the signed and notarized May 12, 2024 loan agreement and the letter demanding repayment. Alshamaa's declaration was also corroborated by the notary's declaration and related exhibits, including the notary log. In confirming that Alshafei had indeed signed the document the notary notarized, Nordquist stated: "I would not have notarized Exhibit 1 without first confirming Mr. Alshafei's identity." This confirmed Alshamaa's version of the event.

2

Alshafei next contends that there exists an issue of material fact because there was no proof that he received the funds mentioned in the loan agreement. However, Alshafei produced no evidence to show that he did *not* receive the $350,000 (or $400,000) and he did not affirmatively deny it. On the contrary, the Trustee Receipt states: "I, Hussain Kadim Khadem Alshafei, *have received* the sum of Four Hundred Thousand ($400,000) Dollars from Mr. Haidar Falah

11

Alshamaa." (Emphasis added.) The notarized loan agreement similarly states: "I, HUSSAIN ALSHAFEI, *HAVE BORROWED* $350,000 FROM MR. HAIDER FALAH AL-SHAMAA WITHOUT INTEREST." (Emphasis added.) Having received the money is attested to in the past tense. Further, he has never directly denied that he received the funds or that he has not repaid Alshamaa pursuant to the loan agreement.

The evidence is uncontested that Alshafei received the funds and did not repay as agreed. The trial court correctly determined that there is no issue of material fact in these regards.

C

Alshafei next contends that even if he did receive the loan money, Alshamaa owed him money as well. In an attempt to prove this to the trial court, Alshafei submitted receipts and documentation of purported money transfers from him to Alshamaa. Alshafei argues that he should not be required to repay the loan because he made $488,455 of payments to Alshamaa and this sum is greater than $350,000.

This claim fails for a simple reason: Alshafei failed to properly put the claim at issue in the trial court. Alshafei never filed an answer. This failure is fatal to his present claim.

Two statutes control our analysis. The first statute, RCW 12.08.120, instructs that a defendant *must* proclaim entitlement to a setoff by asserting the setoff in the defendant's answer:

> To entitle a defendant to any setoff he or she may have against the plaintiff, he or she must allege the same in his or her answer; and the statutes regulating setoffs in the superior court, shall in all respects be applicable to a setoff in a justice's court, if the amount claimed to be setoff, after deducting the amount found due to the plaintiff, be within the jurisdiction of the justice of the peace; judgment may, in like manner, be rendered by the justice in favor of the defendant, for the balance found due the plaintiff.

The second statute also requires that a setoff be pleaded:

> To entitle a defendant to a setoff he or she must set the same forth in his or her answer.

RCW 4.32.150.[6]

Here, Alshafei never filed an answer at all. Thus, his claim of setoff was not put at issue in the case. Consequently, the trial court rightly did not consider the purported issue.[7]

### D

Finally, Alshafei argues that the trial court did not consider his case in the light most favorable to him. He does not establish this. The trial judge was not required to discount uncontested evidence. Neither was the judge required to credit evidence pertaining to matters that were never properly put at issue in the case. Alshafei's litigation failings are solely of his own making.

---

[6] A setoff is "[a] debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor; the counterbalancing sum owed by the creditor." BLACK'S LAW DICTIONARY 1648 (11th ed. 2019).

[7] Alshafei attempts to argue that the payments made to Alshamaa suffice to demonstrate evidence of payment of his debt. However, these payments predated the December 3, 2014 written demand letter for repayment. Moreover, no document submitted to the trial court indicated that the loan at issue was connected in any way with other dealings between the parties. The trial court was not required to review issues that were not part of the case.

13

The trial court did not err by granting summary judgment to Alshamaa.

We affirm.

Dwyer, J.

WE CONCUR:

Díaz, J.                    Coburn, J.